UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN LITTLE,

                   Plaintiff,          13 Cv. 3813 (JGK)

       - against -           <u>MEMORANDUM OPINION</u>
                                        <u>AND ORDER</u>

CITY OF NEW YORK, OFFICER MS. HUNTER

                 Defendants.

_____

JOHN G. KOELTL, District Judge:

     The pro se plaintiff, John Little, brings this action pursuant to 42 U.S.C. § 1983, seeking damages against defendants the City of New York and "Officer Ms. Hunter."  Little alleges that the City and Officer Hunter violated his Fourth and Eighth Amendment rights when Officer Hunter observed his strip search. The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the plaintiff did not file a response.  The Court has jurisdiction under 28 U.S.C. § 1331.  For the reasons explained below, the defendants' motion to dismiss is granted, and the plaintiff's claims are dismissed without prejudice and with leave to replead.

I.

     In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all

1

reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

Because Little is proceeding pro se, the Court must "construe his complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted) (alteration omitted). "Even in a pro se case, . . . 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Harris v.

2

Mills, 572 F.3d 66, 72 (2d Cir. 2009)).  Thus, although the
Court must "draw the most favorable inferences" that the
plaintiff's complaint supports, it "cannot invent factual
allegations that he has not pled." Id.; see also Bowden v.
Duffy, No. 13cv717, 2014 WL 338786, at *1 (S.D.N.Y. Jan. 30,
2014).

### II.

### A.

The plaintiff filed his Original Complaint on June 3, 2013.
(Original Compl. 1.)  At a December 12, 2013, conference, and
before the defendants moved to dismiss, the plaintiff elected to
amend his complaint.  (See Dec. 12, 2014, Conference Tr. 6:12–
20.)  The Amended Complaint removes many of the factual details
of the strip search and instead alleges that the defendants
violated the Fourth and Eighth Amendments.  (Compare Original
Compl. 3, with Am. Compl. 3.)  The plaintiff thus appears to
believe that the Amended Complaint supplements, rather than
replaces, the Original Complaint.  Because the plaintiff is
proceeding pro se, the Court will consider the Original
Complaint and the Amended Complaint together as the operative
pleading.  See Winters v. United States, No.10cv7571, 2013 WL
1627950, at *1 n.1 (S.D.N.Y. Apr. 16, 2013); see also Estelle v.
Gamble, 429 U.S. 97, 106 (1976).

**B.**

The following facts alleged in the complaints are accepted as true.  The plaintiff was detained at the George R. Vierno Center on Rikers Islands.  On April 20, 2013, the plaintiff left his cell, and Officer Hunter (a female) asked the plaintiff (a male) to "strip down and hand me your clothes and drop your underwear and turn around and bend over."  (Original Compl. 3.) The plaintiff complied.  (Original Compl. 3.)  Another officer, Ms. Feliciano, witnessed the search.  (Original Compl. 3.) Officer Hunter then conducted strip searches of the inmates in two other nearby cells.  (Original Compl. 3.)

The plaintiff claims that the search violated the Fourth and Eighth Amendments, (Am. Compl. 3,) and requests damages for his emotional distress.  (Am. Comp. 3.)

**III.**

**A.**

Although the constitutional rights of prison inmates are restricted because of the institutional needs of imprisonment, see Price v. Johnston, 334 U.S. 266, 285 (1948), abrogated on other grounds, 28 U.S.C. § 2244, the Fourth Amendment still requires that strip searches of inmates be reasonable.  See Hodges v. Stanley, 712 F.2d 34, 35 (2d Cir. 1983) (per curiam) (citing Bell v. Wolfish, 441 U.S. 520, 559 (1979)); see also Florence v. Bd. of Chosen Freeholders, 132 S. Ct. 1510, 1517

4

(2012) ("[C]orrectional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities."). The reasonableness of a strip search, in turn, "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell, 411 U.S. at 559. The Supreme Court has "repeated the admonition that, 'in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters.'" Florence, 132 S.Ct. at 1517 (quoting Block v. Rutherford, 468 U.S. 576, 584–85 (1984)).

Because an inmate "bears the burden of showing that a search was unreasonable," to survive a motion to dismiss, the plaintiff "must 'plead facts sufficient to give rise to a plausible inference' that the search he challenges was unreasonable under the standards described above." Peek v. City of New York, No. 13cv4488, 2014 WL 4160229, at *2 (S.D.N.Y. Aug. 18, 2014).

The gravamen of the plaintiff's complaint appears to be that his search violated the Fourth Amendment because it was

conducted by a member of the opposite sex.  Recognizing that a
strip search by an officer of the opposite sex involves a
heightened invasion of privacy, courts in this Circuit have
distinguished between "regular" and "close" viewing and
"incidental" and "brief" viewing of a naked prisoner.  The
latter is constitutional.  See, e.g., Israel v. City of New
York, No. 11cv7726, 2012 WL 4762082, at *3 (S.D.N.Y. Oct. 5,
2012) (finding that intake strip searches are constitutional and
that "the presence of other inmates and officers, males and
females, does not alter this determination"); Correction
Officers Benevolent Ass'n v. Kralik, No. 04cv2199, 2011 WL
1236135, at *11 (S.D.N.Y. Mar. 30, 2011) ("More recent cases in
this Circuit and elsewhere addressing inmates' right to privacy
suggest that occasional, indirect, or brief viewing of a naked
prisoner by a guard of the opposite sex may be permissible, but
that 'regular and close viewing' is prohibited."); Baker v.
Welch, No. 03cv2267, 2003 WL 22901051, at *20 (S.D.N.Y. Dec. 10,
2003) (holding that for parolees, "the balance should be struck
to allow incidental and obscured viewing but prohibit regular
and close viewing"); Miles v. Bell, 621 F. Supp. 51, 67 (D.
Conn. 1985) (holding that in order for inmates to show a
violation of their privacy rights, "[plaintiffs] must show that
the 'viewing' by guards of the opposite sex occurs on a regular
basis.").  Courts in other circuits appear to agree.  See, e.g.,

6

<u>Oliver v. Scott</u>, 276 F.3d 736, 745 (5th Cir. 2002) ("We twice have found that security concerns can justify the strip search of a male inmate in front of female guards."); <u>Lee v. Downs</u>, 641 F.2d 1117, 1119 (4th Cir. 1981) ("Most people, however, have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating.  When not reasonably necessary, that sort of degradation is not to be visited upon those confined in our prisons.").

Here, the plaintiff fails to identify any facts suggesting that the search involved close viewing of his body, that he was subject to repeated opposite-sex viewings, or that the individual defendant touched the plaintiff during the search. The plaintiff also fails to identify the factual circumstances surrounding the search—such as, whether the search was random or a result of an emergency.

Accordingly, the plaintiff's Fourth Amendment claim against Officer Hunter is **dismissed**.

### B.

The plaintiff also alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.  The plaintiff has not stated whether he was a convicted prisoner, in which case his claims are analyzed under the Eighth Amendment, or a pretrial detainee in state custody,

in which case his claims are analyzed under the Due Process Clause of the Fourteenth Amendment.  See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009).  In any event, the standard applied is identical.  Id. at 72; see also Morrissette v. Cripps, No. 10cv8795, 2011 WL 4089960, at *3 n.3 (S.D.N.Y. Sept. 14, 2011).

A prison official violates the Cruel and Unusual Punishments Clause of the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment when her action involves the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 670 (1977)).  To state a claim, the plaintiff must allege: (1) that the alleged deprivation is sufficiently serious under an objective standard; and (2) that the charged officials acted with a sufficiently culpable state of mind.  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  The Second Circuit Court of Appeals has held that severe or repetitive sexual abuse violates the Eighth Amendment.  Boddie v. Schneider, 105 F.3d 857, 861 (2d Cir. 1997).

However, courts in this Circuit require the plaintiff to allege that the defendant engaged in egregious conduct during the strip search to state an Eighth Amendment violation.  A single search, absent allegations of other culpable conduct, does not violate the Eighth Amendment.  See, e.g., Vaughn v. Strickland, No. 12cv2696, 2013 WL 3481413, at *3 (S.D.N.Y. July

8

11, 2013); <u>Castro-Sanchez</u>, 2012 WL 4474154, at *3.  The
plaintiff's allegations here are too conclusory to state an
Eighth Amendment violation.

Accordingly, the plaintiff's Eighth Amendment claims
against Officer Hunter are **dismissed**.

C.

Finally, the plaintiff failed to state a claim against the
City of New York.  "Municipalities may be sued directly under §
1983 for constitutional deprivations inflicted upon private
individuals pursuant to governmental custom, policy, ordinance,
regulation, or decision." <u>Batista v. Rodriguez</u>, 702 F.2d 393,
397 (2d Cir. 1983) (citing <u>Monell v. Dep't of Soc. Servs</u>., 436
U.S. 658, 690-91 (1978)).  Municipalities are not subject to
liability under theories of respondeat superior, but rather
theories that their policies or customs "inflict[ed] the injury
upon the plaintiff."  <u>Id.</u>  "To hold a city liable under § 1983
for the unconstitutional actions of its employees, a plaintiff
is required to plead and prove three elements: (1) an official
policy or custom that (2) causes the plaintiff to be subjected
to (3) a denial of a constitutional right."  <u>Id.</u>; <u>see also</u> <u>Kahn</u>
<u>v. Oppenheimer & Co.</u>, No. 08cv11368, 2009 WL 4333457, at *3
(S.D.N.Y. Dec. 1, 2009).

The plaintiff failed to allege a violation of a
constitutional right, let alone a custom or practice that would

9

make the City of New York liable under Monell.  Accordingly, the plaintiff's claims against the City of New York are **dismissed**.[1]

**CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss the plaintiff's claims is **granted** and the plaintiff's claims are **dismissed without prejudice and with leave to replead**.  Any amended complaint in this action is to be filed by **October 24, 2014**.


**SO ORDERED.**

**Dated:**   **New York, New York**
         **September 24, 2014**          /s/
                              _____
                                   **John G. Koeltl**
                              **United States District Judge**

---

[1]    Because the plaintiff failed to state a claim, the Court need not decide whether the plaintiff failed to exhaust his administrative remedies, see 42 U.S.C. § 1997e(a), or whether he is barred from seeking compensatory damages, see id. § 1997e(e).